## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

JAMES A. DELAUGHTER                                              PLAINTIFF

v.                                              CAUSE NO. 1:17CV294-LG-RHW

CELESTE M. DUFRENE, ANTONIO R. MADDEN,
and USAA CASUALTY INSURANCE COMPANY                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO REMAND

THIS MATTER COMES BEFORE THE COURT on the [3] Motion to Remand

by USAA Casualty Insurance Company, one of the defendants in this case. The

removing defendant, Celeste Dufrene, has filed a response, and USAA has replied.

After due consideration of the pleadings, briefs and arguments of counsel and the

relevant legal authorities, the Court finds that it does not have jurisdiction of this

cause, and it should therefore be remanded to the Circuit Court of Jackson County,

Mississippi. USAA's request for attorneys' fees and costs is denied.

### BACKGROUND

This case concerns an automobile accident allegedly caused by two

underinsured drivers. Plaintiff Delaughter seeks damages against the drivers, plus

underinsured driver insurance benefits from his own insurer, USAA. USAA states

that counsel for Dufrene contacted USAA's counsel and requested consent to

removal. USAA responded that it did not and would not consent. (USAA Mem. 3,

ECF No. 4). Nevertheless, Dufrene removed the case, asserting that USAA's

consent was not necessary; it had been improperly joined because the plaintiff's

claims against USAA are separate and distinct from the plaintiff's claims against

the tortfeasors. USAA now seeks remand on the grounds that the removal was defective because USAA was properly joined, and therefore its agreement to removal was necessary under 28 U.S.C. § 1446.

DISCUSSION

**1. Remand**

All served defendants must join in the petition for removal within thirty days of service on the first defendant, and if consent of all served defendants is not timely obtained, the removal is procedurally defective. *Doe v. Kerwood,* 969 F.2d 165, 167, 169 (5th Cir. 1992). USAA did not and does not consent to removal, and it argues that the removal was therefore procedurally defective for failure to comply with the rule of unanimity.

In order to show that the removal was not procedurally defective, Dufrene must demonstrate that one of the three exceptions to the rule of unanimity applies: (1) USAA is an improperly or fraudulently joined defendant; (2) USAA is a nominal or unnecessary defendant; or (3) USAA had not been served by the time of removal. *See Jones v. Watts*, No. 5:10-CV-189-DCB-JMR, 2011 WL 2160915, at *5 (S.D. Miss. June 1, 2011) (citations omitted). Dufrene argues that the improper joinder exception applies, because the underinsured motorist claim against USAA does not arise from the same occurrence or litigable event as the negligence claim against Dufrene and the driver of the third vehicle. Additionally, Dufrene argues that the allegations against USAA are conclusory and do not state a plausible claim for relief.

The Court first finds that the allegations against USAA state a plausible claim for relief. The plaintiff alleges that 1) the tortfeasors were underinsured; 2) USAA provided underinsured motorist coverage to the plaintiff; and 3) USAA had not tendered underinsured motorist benefits to the plaintiff. (Compl. 2, ECF No. 1-2). This is sufficient factual content to allow the Court to draw a reasonable inference that USAA is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Next, Dufrene supports her argument regarding joinder with cases in which the plaintiff brought bad faith and breach of contract claims against the insurer in addition to claims against the tortfeasor. *See Hegwood v. Williamson*, 949 So.2d 728 (Miss. 2007); *Tolbert v. State Farm Mut. Auto. Ins. Co.*, No. 3:15-CV-0042, 2015 WL 3450524 (N.D. Miss. May 29, 2015). This case is distinguishable because there are no bad faith or breach of contract claims against USAA. Dufrene argues that the Court should infer such claims because the plaintiff could not mean anything else by his allegations that USAA did not tender benefits, and by his request for punitive damages against all defendants. But in the Court's view, an allegation that no underinsured benefits have been tendered by USAA is not an assertion of bad faith or even necessarily a breach of contract. As USAA notes, the plaintiff must prove fault and damages against the tortfeasors before it can be known whether or to what extent underinsured benefits are due to the plaintiff. That will be accomplished at the trial of this case.

The circumstances of this case are similar to those in *Cook v. OneBeacon*

*American Insurance Company*, No. 2:13CV305-HSO-RHW, 2014 WL 6388458 (S.D.

Miss. Nov. 14, 2014), where the court stated that the law in Mississippi was that

"[i]n uninsured motorist cases, the alleged uninsured tortfeasor and an uninsured

motorist insurer may be joined in an action as co-defendants." *Cook* 2014 WL

6388458, at *3 (citing *Heflin v. Merrill*, No. 2012-CA-00663-COA, 2013 WL

5614290, at *1 (Miss. Ct. App. Oct. 15, 2013); *Leitch v. Miss. Ins. Guar. Ass'n*, 27 So.

3d 405, 406 (Miss. Ct. App. 2009)).  The *Cook* court noted that the plaintiff's right to

relief from both the tortfeasor and the insurer arose from the collision, and a

common question of law was whether the plaintiff was legally entitled to recover

against the tortfeasor.  *Id*.

Because this plaintiff's right to recover from USAA will depend on his right to

recover from the tortfeasors, the Court concludes that USAA was properly joined in

this action.  USAA did not consent to the removal, and therefore the case must be

remanded to the state court.

## 2. Costs

USAA requests an award of costs and expenses, including attorney's fees,

against Dufrene for the necessity of filing its Motion to Remand.  The removal

statute provides that, "[a]n order remanding the case may require payment of just

costs and any actual expenses, including attorney fees, incurred as a result of the

removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award

attorney's fees under § 1447(c) only where the removing party lacked an objectively

reasonable basis for seeking removal.  Conversely, when an objectively reasonable

basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds an award of costs and expenses unwarranted, as Dufrene presented an arguable, albeit unsuccessful, basis for removal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [3] Motion to Remand filed by Defendant USAA Casualty Insurance Company is **GRANTED**. The above styled and numbered cause is hereby **REMANDED TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. 1447(c).

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE